IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LA CASA REAL ESTATE AND INVESTMENT, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:09CV895 |
| KB HOME OF SOUTH CAROLINA, INC., on its own behalf and as successor in interest to KB HOME OF SOUTH CAROLINA, LLC, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

BEATY, Chief District Judge.

This matter is before the Court on a Motion to Dismiss for Lack of Jurisdiction [Doc. #7] and a Motion to Transfer Case [Doc. #10] filed by Defendant KB Home ("Defendant" or "KB Home"), and a Motion to Enforce Settlement Agreement [Doc. #16] filed by Plaintiff La Casa Real Estate ("Plaintiff" or "La Casa"). Plaintiff alleges that Defendant breached a purchase agreement between the parties related to the sale of a tract of real property located in South Carolina. In the motions presently before the Court, Defendant maintains that the Court lacks personal jurisdiction over Defendant, and in the alternative, that this action should be transferred to South Carolina pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes Defendant's motions and has moved for the enforcement of a settlement agreement into which Plaintiff alleges the parties entered subsequent to this suit's filing. For the reasons discussed below, the Court will grant Defendant's Motion to Transfer Case, and the parties' remaining

motions will be denied.

I.     FACTUAL BACKGROUND

This action involves the alleged breach of a purchase agreement for the sale of approximately 104 acres of contiguous real property located in Beaufort County, South Carolina ("the Property") by La Casa, a North Carolina limited liability company, to KB Home, a Delaware corporation with its principal place of business being North Charleston, South Carolina.  La Casa initially filed the complaint in this matter in the state Superior Court of Forsyth County, North Carolina on October 20, 2009, alleging claims for breach of contract, equitable relief in the form of a cancelled or satisfied mortgage, and violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1-1 ("UDTPA").  In Count One of its Complaint, La Casa alleges that KB Home breached the purchase agreement by failing to timely satisfy its zoning obligations or notify La Casa that it was proceeding under current zoning restrictions.  In Count Two, La Casa seeks equitable relief including the cancellation or satisfaction of a mortgage held by KB Home pursuant to the terms of the purchase agreement.  Finally, in Count Three, La Casa alleges that KB Home's alleged misconduct related to this transaction constitutes a violation of the UDPTA.  On November 20, 2009, KB Home properly removed the action from the North Carolina court to this Court, and on November 24, 2009, KB Home filed its instant motion to dismiss the action, as well as its motion in the alternative to transfer the case to South Carolina pursuant to 28 U.S.C. § 1404(a). La Casa filed its Motion to Enforce Settlement on February 17, 2010.

II.     MOTION TO DISMISS

Defendant moves to dismiss this action on the grounds that the Court lacks personal jurisdiction over Defendant. The Court notes that the parties have raised substantial legal and factual issues with regard to whether the Court may exercise personal jurisdiction over Defendant in this case. However, the Supreme Court has held that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 127 S. Ct. 1184, 1191, 167 L. Ed. 2d 15 (2007) (internal quotations omitted). In this regard, a court may properly consider non-merits issues, such as transfer pursuant to 28 U.S.C. § 1404(a) or forum non conveniens, without first reaching jurisdictional issues. See Long Term Care Partners, LLC v. United States, 516 F.3d 225, 232 (4th Cir. 2008) (affirming district court's election to decide case on non-jurisdictional grounds); see also In re Compania Naviera Joanna S.A., 531 F. Supp. 2d 680, 690 (D.S.C 2007) (noting that in Sinochem, the Supreme Court concluded that "jurisdiction may be assessed either before or after ruling on a motion to dismiss on forum non conveniens grounds"). Because the transfer of an action pursuant to forum non conveniens or 28 U.S.C. § 1404(a) is a "non-merits ground for dismissal, . . . [a] district court may therefore dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." Sinochem, 549 U.S. at 432, 127 S. Ct. at 1192.

In the present case, the Court notes that even if the Court may properly exercise personal jurisdiction over Defendant in this case, for the reasons discussed below, this matter would still

be subject to transfer to the District of South Carolina pursuant to 28 U.S.C. § 1404(a). Therefore, in the interests of convenience, fairness and judicial economy, the Court elects to consider Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) before reaching any issues related to the Court's jurisdiction.

Accordingly, the Court will now consider KB Home's Motion to Transfer this matter to the District of South Carolina pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case pursuant to § 1404(a) within its sound discretion. See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23, 108 S. Ct. 2239, 2240, 101 L. Ed. 2d 22 (1988). Congress' purpose in enacting § 1404(a) was to codify the principles of the common law doctrine of forum non conveniens; however, § 1404(a) "is more lenient in authorizing transfers than is the common law doctrine of forum non conveniens." Akers v. Norfolk & W. Ry. Co., 378 F.2d 78, 79 (4th Cir. 1967); see also Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 592 (E.D.Va. 1992) (holding that although the factors considered by courts under § 1404(a) are "essentially the same as those considered to determine whether to dismiss an action under the common law doctrine of forum non conveniens, § 1404 vests courts with broader discretion to grant transfers upon a lesser showing of inconvenience than is required to obtain dismissal under the doctrine of forum non conveniens").

When deciding a § 1404(a) motion to transfer, courts must make an "individualized, case by case consideration of convenience and fairness" in which the courts must "weigh in the

4

balance a number of case specific factors." Stewart Org. Inc. v. Ricoh Corp., 487 U.S. at 29, 108 S. Ct. at 2244. In this regard, courts will look to several factors in considering Defendant's Motion to Transfer, including:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996)(citing Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989)).

Defendants have the burden of showing why the forum should be changed pursuant to § 1404(a). Datasouth, 719 F. Supp. at 451. "When deciding a motion to transfer, it is important to bear in mind that such a motion should not be granted if it simply shifts the inconvenience from the defendant to the plaintiff." Plant Genetic, 933 F. Supp. at 527. Ordinarily, in balancing these factors, a plaintiff's choice of forum is given considerable weight, and "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947)). Therefore, the Court should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another. Tools USA and Equip. Co. v. Champ Frame Straightening Equip., Inc.,

841 F. Supp. 719, 721 (M.D.N.C. 1996).

In the present case, Defendant argues that venue is more appropriate in South Carolina, because Plaintiff's choice of forum bears little or no relation to the cause of action. In addition, Defendant maintains that transfer is proper because the Property, the relevant records and documents surrounding the transaction, the majority of witnesses who would testify at trial, and the alleged events and omissions giving rise to Plaintiff's claims all occurred in South Carolina. Moreover, Defendant maintains that the South Carolina court has an interest in resolving this localized controversy in its home forum, and that a judgment in this case would be more easily enforced in South Carolina. In response, Plaintiff asserts that its choice of forum is entitled to deference and should not be disturbed on the grounds that Defendant has failed to make a sufficient showing of hardship necessary to outweigh the presumption in favor of Plaintiff's choice of forum.

The Court acknowledges that generally, a plaintiff's initial choice of forum is granted considerable weight. However, the level of deference given to a plaintiff's choice of venue by the Court is "proportionate to the relation between the forum and the cause of action." Parham v. Weave Corp., 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004)(citing GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)). In this regard, the instant action arises out of a dispute regarding the sale of a tract of real property located in Beaufort County, South Carolina, pursuant to a purchase agreement executed by Plaintiff in South Carolina with a company having its principal place of business in South Carolina, governed by South Carolina law. Although Plaintiff argues that transfer is not appropriate because it is a North Carolina

limited liability company and its primary witness, the owner of the company, is a resident of North Carolina, Defendant has established that the Property and the majority of evidence and witnesses in this case are instead located in South Carolina.  Moreover, with regard to Count Two of Plaintiff's Complaint, the mortgage which Plaintiff seeks to mark as cancelled or satisfied was likewise recorded in Beaufort County, South Carolina. The Court notes that Count Three of Plaintiff's Complaint alleges a violation of the UDTPA, a North Carolina statute. However, the UDTPA violation alleged by Plaintiff relates to the parties' dispute over the Property, and as set out immediately above, the operative events, actors, and documents surrounding the sale and purchase of the Property are located in South Carolina.  For these reasons, the Court finds that this action does not bear a strong relation to Plaintiff's chosen forum, and that its initial choice of a North Carolina forum is not entitled to considerable deference in weighing the relevant factors pursuant to § 1404(a).

The Court has also weighed the relevant factors in considering Defendant's § 1404(a) Motion to Transfer, and has undertaken an "individualized, case by case consideration of convenience and fairness" as it relates to the facts of this case.  Upon doing so, the Court finds that in the interests of justice and the convenience of parties and witnesses, the balance of the factors set out above weighs strongly in favor of transfer.  As noted above, the real estate underlying Plaintiff's claim is located in South Carolina, as were the alleged events and sources of proof relevant to this action.  In addition, the purchase agreement was executed in South Carolina and is governed by South Carolina law, and any mortgage encumbering the Property was recorded in South Carolina.  In particular, the Court notes that transfer is appropriate on

7

the grounds that Plaintiff's initial choice of venue is not entitled to substantial deference as discussed above, and that given the location of the parties, the records, and the Property at issue, South Carolina is the more appropriate forum with respect to the relative ease of access to sources of proof. Further, due to the significant nexus between this matter and the state of South Carolina, a trial in that forum would be superior in terms of making the proceedings easy, expeditious, and inexpensive, and any judgment in this matter would be more easily enforced in South Carolina. In addition, the South Carolina court has a local interest in having localized controversies settled at home, particularly with regard to a contract executed in South Carolina related to property located in South Carolina. Finally, the Court notes that the remaining factors in the Court's analysis under § 1404(a) are neutral or immaterial. Hence, the Court concludes after weighing the relevant factors under 28 U.S.C. § 1404(a) that Defendant has met its burden of demonstrating that the balance of convenience among the parties and the witnesses weighs strongly in favor of transferring this action to the U.S. District Court for the District of South Carolina. Therefore, the Court will grant Defendant's Motion to Transfer Case [Doc. #10].

III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion to Transfer Case [Doc. #10] is GRANTED and that this matter be TRANSFERRED to the United States District Court for the District of South Carolina. IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction [Doc. #7] is DENIED as MOOT. Finally, IT IS ORDERED that Plaintiff's Motion to Enforce Settlement Agreement [Doc. #16]

8

is DENIED without prejudice to its refiling in the South Carolina Court.[1]

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 30th day of June, 2010.

/s/ James A. Beaty
United States District Judge

---

[1] The Court denies this Motion in the interests of the courts' efficient administration, and this action should not be construed as any judgment on the merits of the Motion. The Court's denial of this Motion without prejudice shall not prevent the parties from submitting briefs related to Plaintiff's Motion to Enforce Settlement Agreement in the South Carolina court.